rUFFIN, Judge.
 

 — I need not refer to the cases which establish the principle, that when a father, before 1806, put into the possession of his child upon marriage, a slave, it was a gift, unless the. contrary expressly appear. They are numerous and familiar. Upon the face of this case therefore, there was a gift. It is insisted, however, that the contrary is expressly proved here. That proof is by no means satisfactory. It does not go to any specific terms, upon which the possession was gained, as coming directly within the knowledge of the witness at the time. It is only by inference from the general declarations' of the father, and from those of
 
 Leigh.
 
 made shortly after his wife died. The former are not competent to determine the character of the transaction. The latter might be easily misunderstood. It is extremely probable, that the Defendant might have. said.
 
 *363
 
 that he considered the negroes bis childrens?. As they same by their mother, he might, irs conscience, heve felt bound to bestow them upon her is^ue, in preference to any others he might have by a subsequent marriage. In that sense, he might have made the declaration proved, Ills answer cannot, therefore, be overruled by a single witness, whose testimony is oí so uncertain a* character,, But it is insisted, that she. is supported by the answer .* because
 
 Leigh
 
 does not swear to an express gift. My inference is directly the contrary. The answer states what is in law a gift j and denies an express loan. This is touch stronger with me, that! if the Defendant had stated syj express gift, it argues, that he, has told the exact truth. If he had not, he would, at once, have come out with such a gift. The material part is the denial of the loan, which is positive. Upon the proofs therefore, there was a gift to the Defendant.
 

 But if this were not so, and the negro was loaned, and not given, yet the Plaintiff could not get
 
 a
 
 decree. The particular trust alleged wholly fails, upon the evidence. We hear nothing of it, but in the bill. Taking it t s be a loan by
 
 Spruill
 
 indefinitely, there is relief at law, by an action of
 
 detinue
 
 by the executor j or if lie assented to the legacy, by the daughters. But if this Court could take jurisdiction, upon any principle of discovery or pro fits, the character of the Defendant’s possession, being expressly adverse to the executors and legatees of
 
 Spruill
 
 for twenty-six years, would bar the action at law, and so, by analogy, bars relief in this Court.
 

 Per Curiam. —
 

 Let the decrea below he affirmed.